## English, guardian, *v.* English *et al.*

Beck, J. A. P. English, as guardian of the person and property of Margaret and George C. English, brought his petition against James E. English, for whom also he had been guardian, joining as codefendants certain named purchasers from James E. English of property which had been awarded to him in a division in kind in proceedings in the court of ordinary. It was charged that James E. English had taken to himself individually a deed to certain lands constituting a part of what was known as Morton's Division in the City of Waycross, instead of taking it to the estate of Dan B. English, the father of his ward and of James E. English, as he should have done. The lots in Morton's Division were a part of the property embraced in that which was divided in kind, and were awarded to James E. English. The plaintiff also alleged that James E. English, as attorney at law, filed

in the court of ordinary the application of plaintiff for division in kind of the property belonging to the estate of Dan B. English, under which application appraisers were duly appointed; and they having made the division, the plaintiff was dissatisfied with it, believing it to be unfair and unjust and made at the instance of James E. English, and instructed him to discontinue and dismiss said proceedings, "and, under the assurance given, supposed that same had been done, whereas it appears that the return of the appraisers making the division as aforesaid was nevertheless made the judgment of the court of ordinary, which fact plaintiff did not ascertain until long subsequent thereto, having moved from Waycross to Jacksonville, Florida, and he did not become cognizant of these facts until long afterwards, upon visiting Waycross. The proceeding aforesaid was not only a fraud against plaintiff and his ward, but was illegal, not being in conformity with the requirements of law in such cases made and provided." It was further charged that certain advances made to James E. English were not taken any account of in the division; and that James E. English had sold and conveyed certain of the lots awarded to him, and had mortgaged others. The prayer was, to set aside the division in kind, for cancellation of the deeds and mortgages, for a redistribution of the property, and for an accounting. *Held*, that there was no error in dismissing the petition upon demurrer. From the exhibit attached to the petition it appears that the proceedings in the court of ordinary were regular on their face, and were filed in the name of the plaintiff, the name of James E. English not appearing as attorney in the case. Moreover, no act of fraud is alleged against the purchasers from James E. English, nor against the mortgagees; nor is it alleged that these purchasers or mortgagees had notice of the claim of any irregularity in the proceedings in the court of ordinary.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 15, 1917.

Equitable petition. Before Judge Summerall. Ware superior court. December 8, 1915.

*F. V. Paradise* and *J. L. Sweat,* for plaintiff.

*Parks & Reed* and *James E. English,* for defendants.